# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **WILLIAM CHRISTOPHER GIBBS,** Fannin Cty. ID # 5150,<br>    Plaintiff,<br><br>    v.<br><br>**FANNIN CTY. SHERIFFS DEP'T,**<br>**APRIL WITHEROW,**<br>Community Supervision Officer,<br>**BRIAN JONES,** Magistrate Judge,<br>**B. MORRIS MARTIN,** Dist. Atty,<br>**GARY EDWARDS,** Investigator,<br>**DANE KIRBY,** Sheriff,<br>**B. ALISON SOSEBEE,** Prosecutor,<br>**DONNA WHITENER,** Mayor,<br>**JOHN WORCESTER,**<br>Super. Ct. Judge,<br>**FANNIN REGIONAL HOSPITAL,**<br>**JOHN OR JANE DOES,**<br>Law Enforcement Officers, et al.,<br>    Defendants. | **CIVIL ACTION NO.**<br>**2:19-CV-00024-RWS-JCF**<br><br><br><br><br>**PRISONER CIVIL RIGHTS**<br>**42 U.S.C. § 1983** |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff, a Fannin County prisoner, is proceeding *in forma pauperis* in this 42 U.S.C. § 1983 action, which is now ready for an initial screening.

## I.   The Legal Framework

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that

a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. Discussion

### A. The Complaint

Plaintiff sues the Fannin County Sheriff's Department("FCSD"), two judges, two prosecutors, the Fannin County Sheriff, a Fannin County investigator, a Community Supervision Officer, the mayor of Blue Ridge, Georgia, the Fannin Regional Hospital ("Hospital"), an unnamed Fannin County Commissioner of Adult Services, and several unnamed law enforcement officers — all due to his arrest on February 2, 2017 and the subsequent revocation of his First Offender probation on October 18, 2018. (*See generally* Doc. 1; *id.* at 4-7).

Plaintiff went to the Hospital's emergency room on February 2, 2017. (*Id.* at 4). The FCSD was called, and after Edwards, a Fannin County investigator, questioned Plaintiff further, eventually a Cherokee County Hazmat team and the FBI were called in. (*Id.*). Plaintiff was arrested by Fannin County officials and isolated for eight days before being placed into the general population. (*Id.*). He was later transferred to federal custody (*id.* at 6) after being indicted in this Court on February 22, 2017, for knowingly possessing ricin, "a biological agent and toxin," in violation of 18 U.S.C. § 175b(c). *See U.S. v. Gibbs*, 2:17-cr-5-RWS-JCF-1 (N.D. Ga. Sept. 21, 2018), Doc. 1. On September 21, 2018, this Court dismissed the indictment and ordered Plaintiff released because at the time of the alleged crime, possession of ricin

3

was not a violation of § 175b(c). *Id.*, Doc. 71. The Court rejected the Government's argument that Congress had intended to include ricin in the list of prohibited biological agents, even though ricin was not listed as such. *Id*. Plaintiff was returned to Fannin County custody "to face a violation of First Offenders probation for two misdemeanors," one of which occurred on February 2, 2017, and the other on October 21, 2016, for contributing to the delinquency of a minor. (Doc. 1 at 6). Judge Worcester revoked Plaintiff's probation on October 18, 2018, with six days remaining on Plaintiff's sentence. (*Id.*). Plaintiff claims that this was an "act of excessive sentencing and malicious prosecution." (*Id.*).

Although Plaintiff's narrative of events is not entirely clear, he appears to claim that his conviction and/or probation revocation was based on racial and religious prejudice ─ because he objected to being sworn in "under the concept of God" and because he stated that he is an "anti-semitic." (*Id.* at 7). He also claims that his right to a speedy trial and his protection against double jeopardy were violated. (*Id.*). Plaintiff asserts that he was indicted in Fannin County for a second time, on or about November 19, 2018, for the same misdemeanor crime for which he was indicted on February 2, 2017. (*Id.*). Plaintiff seeks $100 million in compensatory damages. (*Id.*).

**B. *Heck* Bar**

All of these claims are barred, however, by the doctrine first enunciated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck* and its progeny, Plaintiff may not recover damages, based on his Fannin County criminal proceedings and subsequent imprisonment, for "harm caused by actions whose unlawfulness would render [his current] . . . sentence invalid, [without first proving] . . . that the . . . sentence has been reversed on direct appeal" or otherwise expunged, declared invalid, or called into question. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that the Court's relevant precedents, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration" (emphasis added)). Plaintiff has alleged nothing to plausibly suggest that his current confinement or its duration has been invalidated or called into question, without which his claims challenging the manner in which his Fannin County criminal proceedings were conducted may not proceed.

**C. Malicious Prosecution**

To the extent that Plaintiff has a potential claim for damages, that claim would

5

be based on a theory of malicious prosecution. But such a claim would also be premature.

> "To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). Under Georgia law, the elements of malicious prosecution include: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff." *Barnette v. Coastal Hematology & Oncology, P.C.*, 670 S.E.2d 217, 220 (Ga. Ct. App. 2008) (internal quotation marks omitted).

*Sevostiyanova v. Cobb County*, 569 Fed. Appx. 666, 668 (11th Cir. 2014); *see id.* at 668 n.2 ("a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law" (internal quotations omitted)); *see also Green v. City of Lawrenceville*, 17-15015, 2018 U.S. App. LEXIS 23065, at *4 (11th Cir. Aug. 20, 2018) ("A claim for malicious prosecution under § 1983 and Georgia law requires showing (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) *that terminated in the plaintiff accused's favor*; and (4) caused damage to the plaintiff accused." (emphasis added; internal quotations omitted)).

Again, Plaintiff does not allege, nor is there any indication in the record, that

6

the Fannin County criminal proceedings against him terminated in his favor. Therefore, Plaintiff may not proceed on a claim for damages at this time.[1]

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 7th day of May, 2019.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

---

[1] It is also the case, although not necessary to the outcome, that many of the Defendants are either absolutely immune from Plaintiff's claims for damages ─ the judges and prosecutors ─ or not amenable to suit at all in this action ─ the FCSD and the Hospital ─ and that Plaintiff has not plausibly alleged wrongdoing by most if not all of the remaining Defendants, including the sheriff, the mayor, the community supervision officer, the investigator and the unnamed law enforcement officers.